**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>MACK INDUSTRIES, LTD., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Bank. Case No.: 17-09308<br>(Jointly Administered)<br><br>Hon. Carol A. Doyle |
| RONALD R. PETERSON, as chapter 7 trustee for MACK INDUSTRIES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF REVENUE,<br><br>Defendant. | Adv. Case No.: 19-00564 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AMENDED COMPLAINT**

The Defendant Illinois Department of Revenue ("IDOR"), by its attorney Kwame Raoul, Illinois Attorney General, in support of its motion to dismiss the Amended Complaint of the Plaintiff, Ronald Peterson ("Trustee"), as chapter 7 trustee for Mack Industries, Ltd. ("Debtor"), replies as follows:

**The Subject Matter Jurisdiction of the Bankruptcy Court is Not in Dispute**

It should be made clear that IDOR does not argue that this Court lacks jurisdiction to hear a claim brought against it by a bankruptcy trustee under § 544(b). IDOR's sovereign immunity has no doubt been waived as to an action

1

under § 544(b) in this case, likely under more than one legal theory, and most clearly by IDOR filing a claim against the Debtor. However, in no way do any of these actions or waivers affect the ability of IDOR to assert the limitations set forth in the State Lawsuit Immunity Act, 745 ILCS 5/1 *et seq.*, and the Court of Claims Act, 705 ILCS 505/1 *et seq.*, with respect to the actual creditor requirement under § 544(b) for claims brought under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS 160/1 *et seq. See In re Equip. Acquisition Res., Inc.*, 742 F.3d 743 (7th Cir. 2014) (hereinafter "*EAR*").[1]

In *EAR*, the Seventh Circuit found that the waiver of federal sovereign immunity in § 106(a) as to the action brought by a debtor in possession[2] under § 544(b) against the United States did not extend to applicable non-bankruptcy law utilized under § 544(b), where federal sovereign immunity barred suits against United States arising out of the IUFTA. The failure in *EAR* was not sovereign immunity or jurisdiction to the action under § 544(b), but the lack of an actual creditor who could bring an action against the United States as of the petition date.

This result does not change if instead of § 106, the source of IDOR's waiver of sovereign immunity is waiver by ratification as expressed in *Katz*.[3] One bankruptcy court writing post-*Katz*, but prior to *EAR*, observed the following regarding the applicability of § 544(b) to states:

---

[1] As previously disclosed in its motion, IDOR has omitted citations to cases contrary to the holding in *EAR* as it is binding in this Circuit.
[2] The fact that the plaintiff in *EAR* was the debtor in possession, while here the plaintiff is a chapter 7 trustee is a distinction without a difference, as the debtor-in-possession in *EAR* was exercising the powers of a trustee pursuant to § 1107(a). *See EAR*, 742 F.3d at 745 n.1.
[3] *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356 (2006).

2

> Section 544(b)—which provides no substantive rights but instead creates a status—thus permits the trustee to invoke the substantive rights of an unsecured creditor under one of the fifty State's applicable laws. Accordingly, it is a "uniform" law to the extent that it allows a trustee to invoke various state laws, but it is not a uniform law on the subject of bankruptcies of the type for which the States agreed not to assert their sovereign immunity by joining in the plan of Convention. While the States implicitly waived sovereign immunity with respect to federally-created bankruptcy causes of action, it does not follow that they agreed to subject themselves to state-created causes of action simply because the suit is brought in a bankruptcy court. Had the Trustee brought suit under § 548, the federal statute for avoidance of fraudulent transfers, the result here would be different because § 548 is a uniform law on the subject of bankruptcies. The *Katz* Court noted that not every law labeled a "bankruptcy" law could, consistent with the Bankruptcy Clause, properly impinge upon state sovereign immunity. Section 544(b) is such a law that cannot, consistent with the Bankruptcy Clause, impinge upon state sovereignty.

*In re Ginn-La St. Lucie Ltd., LLLP*, 2010 WL 8756757, at *5 (Bankr. S.D. Fla. 2010). And finally, the result is the same if IDOR's waiver is premised on the filing of its proof of clam. *See In re Grubbs Const. Co.*, 321 B.R. 346 (Bankr. M.D. Fla. 2005) (holding that while filing a claim in the bankruptcy waived the state's sovereign immunity for purposes of § 544(b), it did not displace the actual creditor requirement under Florida law which was a predicate to bringing the state law fraudulent transfer action).

**The Trustee is Not Required to Bring This Action in the Court of Claims**

In sections 2.2 and 2.3 of his Response, the Trustee misinterprets IDOR's argument as one advocating for the "exclusive" jurisdiction of the Court of Claims over this action. This conflates IDOR's position, which is the natural extension of the Seventh Circuit's holding in *EAR* to the suits brought under § 544(b) against the state of Illinois. Under applicable law, a claim against the state founded in the

3

IUFTA must be brought in the Court of Claims. However, IDOR is not suggesting that the Trustee must bring this suit in the Court of Claims, but that he must identify a creditor that on the petition date *could have* brought suit against IDOR under the IUFTA in the Court of Claims. "If there are no creditors against whom the transfer is voidable under the applicable law, the trustee is powerless to act under section 544(b)(1)." *EAR*, 742 F.3d at 746, *quoting* 5 Collier on Bankruptcy ¶ 544.06[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2013). Therefore, under *EAR,* just as federal sovereign immunity barred a claim brought against the United States under the IUFTA, where the state of Illinois is a defendant to an action under the IUFTA the actual creditor requirement is limited by the State Lawsuit Immunity Act and the Court of Claims Act. The Trustee therefore must identify a creditor who could assert a claim within those limits.

Finally, the Trustee's argument that because the 2-year limitation to bring suit in the Court of Claims also acts a pre-requisite to jurisdiction it is not a "traditional statute of limitation" that can therefore operate to bar this action again ignores the holding in *EAR*, and would defeat the entire notion the actual creditor requirement of § 544(b). The Trustee cannot step into the shoes of a creditor whose claim against the State is been barred as of the petition date. IDOR does not contest that § 546 allows for the Trustee in this case bring any avoidance action within 2 years of the petition date, however whether that action is brought on day 1 of the bankruptcy case, or as here, day 728, if an actual creditor could not have brought this action against the state as of the petition date, neither can the Trustee.

**American Residential Did Not Hold a Valid Claim on the Petition Date**

The Trustee also argues that the claims pleaded in the Amended Complaint are within the limitations set for in the Court of Claims Act. Again, the relevant limitations set forth in that act are as follows:

> Every claim cognizable by the Court and *not otherwise sooner barred by law* shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within the time set forth as follows:
> …
> (h) All other claims must be filed within 2 years after it first accrues, saving to minors, and persons under legal disability at the time the claim accrues, in which case the claim must be filed within 2 years from the time the disability ceases.

705 ILCS 505/22 (emphasis added). The Trustee correctly points out that the 2-year limitation begins on the accrual of the claim, and IDOR concedes that the transfer date does not always equal the date a claim accrues for the purposes of the 2-year limitation on bringing in action against the state in the Court of Claims (although, it does here). Of course, the date a claim accrues will depend on the applicable law under which that claim is asserted.

The Trustee argues that, as of the petition date, American Residential could have brought a timely action in the Court of Claims due to the 1-year discovery limitation applicable to actions brought under § 5(a)(1) of the IUFTA. *See* 740 ILCS 160/10(a). There are two problems with this argument. First, there is no allegation of this late "discovery" is in the Amended Complaint. This alone is fatal, as timeliness is an essential element of any action brought under the Court of Claim Act, and the burden is on the plaintiff to plead that the action is timely. *Reyes v. Ct. of Claims of State of Ill.*, 299 Ill. App. 3d 1097, 1103, 702 N.E.2d 224, 229 (1998).

5

Case 19-00564    Doc 60    Filed 03/11/21    Entered 03/11/21 16:22:36    Desc Main
Document      Page 6 of 11

However, even if the limitations in the Court of Claims Act function as a traditional statute of limitation, this late "discovery" by American Residential is outright contradicted by those allegations contained in the Amended Complaint. As the Seventh Circuit has explained, "when a statute of limitations does not begin to run until 'discovery,' the discovery referred to is merely discovery that the plaintiff has been wrongfully injured." *Fid. Nat. Title Ins. Co. of New York v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006). In ¶¶ 25-36 of the Amended Complaint, the Trustee alleges conduct beginning in 2014 that alone would have put American Residential on notice that it has been injured, including direct statements that the Debtor would "transfer its assets to related entities for nothing in return to hinder American Residential's ability to exercise its legal remedies as a creditor or otherwise." But, at the very least, "discovery" would have occurred sometime before, but at no time after, American Residential filed suit against the Debtor on March 21, 2016—more than one year before the bankruptcy was filed.

While failure to plead sufficient facts to overcome all potential limitations defenses does not usually warrant dismissal under FRCP 12(b)(6), an exception to this rule exists where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2005). Dismissal is appropriate where a plaintiff "pleads [oneself] out of court by alleging facts that are sufficient to establish the

6

defense." *Hollander v. Brown*, 457 F.3d 688, 691, n.1 (7th Cir. 2006). Therefore, as the complaint alleges transfers that occurred more than 2 years before the petition, and "discovery" by American Residential no later than 1 year before the petition, all claims alleged in the complaint are untimely.

**Internal Revenue Service Did Not Hold a Valid Claim on the Petition Date**

The use of the Internal Revenue Service ("IRS") as the golden creditor raises two important questions. First, can the Trustee step into the shoes of the IRS and cloak himself in the powers of the federal sovereign to defeat a state's own sovereignty? And, if yes, could the IRS have even brought an action based on solely the IUFTA against the State of Illinois as of the petition date?

As to the first issue, IDOR is aware of no case law directly on point, however, there are several cases in which the bankruptcy court has been asked to decide whether a Trustee can use the IRS as the triggering creditor to extend the look-back period on avoidable transfers under state fraudulent conveyance laws.[4] And while the federal government has opposed this practice,[5] bankruptcy courts have increasingly accepted this application. However, no court has addressed whether a Trustee can utilize the federal government as a creditor to defeat the sovereignty of a state. This answer must be no. To allow a trustee to exercise such power would be direct affront to state sovereignty, and one for which goes beyond the scope of the states' waiver under *Katz*.

---

[4] *See, e.g., In re Kaiser*, 525 B.R. 697 (Bankr. N.D. Ill. 2014).
[5] *See, e.g.,* Doc. 6 at 5 n.4, *Peterson v. Internal Revenue Service*, 19-ap-00552 (Bankr. N.D. Ill.).

But even if this Court finds that the Trustee can utilize the IRS as a triggering creditor without limitation, the Amended Complaint still fails. Here, the Amended Complaint does not seek relief under I.R.C. §§ 6901 or 6502, or any federal statute.[6] The Trustee only brings claims under the IUFTA. And even if the Trustee can cloak himself in the powers of the federal sovereign, and step into the shoes of the IRS in an action brought against the state under the IUFTA, he would still be subject to all the same limitations imposed by the Court of Claims Act. This is because the general rule[7] that the United States is not bound by a state statute of limitations does not apply where the state statute provides a time limitation as an element of a cause of action. *United States v. State of Cal.*, 655 F.2d 914, 918 (9th Cir. 1980). As explained above, Illinois courts have held that the time limitations in the Court of Claims Act are a prerequisite to asserting a claim against the state. *Klopfer v. Ct. of Claims*, 286 Ill. App. 3d 499, 505, 676 N.E.2d 679, 683 (1997), *citing Fredman Bros. Furniture Co. v. Dep't of Revenue*, 109 Ill. 2d 202, 209, 486 N.E.2d 893, 895 (1985).

If the IRS sought to assert a claim solely based upon the IUFTA, it too would have been limited by the Court of Claims Act.

> The federal government, like any other plaintiff, must meet all elements of any applicable cause of action the bitter as well as the sweet. The government may not fashion for itself a unique cause of action by selecting from the various elements of a given state statutory cause of action only those legal requirements which are not related to state sovereign immunity considerations…Considerations of sovereign immunity, like considerations of

---

[6] But to the extent that the Court so construes the Amended Complaint, IDOR stands on its arguments regarding intergovernmental tax immunity as set forth in its motion.
[7] *See United States v. Summerlin*, 310 U.S. 414 (1940).

8

federal supremacy, cannot create a cause of action where none exists under state law.

*United States v. State of Cal.*, 655 F.2d at 919. By the petition date, the time for the IRS to assert a claim would have run,[8] and it cannot be revived by the Trustee. To the extent the IRS could have avoided the limitations set forth in the Court of Claims Act, it would have needed to utilize the relevant sections of the Internal Revenue Code or proceed under an applicable federal statute. As the Trustee here only seeks relief under the IUFTA, the Trustee's claims must fail, even in the shoes of the IRS, for the exact same reasons the claims of American Residential fail.

**The Trustee's Policy Arguments are Misguided**

As a final matter, the Trustee makes a policy appeal and attempts to paint IDOR as a creditor that received the benefit of the bad acts of the McClellands. While this policy argument is not particularly relevant to IDOR's pending motion, it is also not exactly accurate. That is because the Debtor very likely received equivalent value for the individual income tax payments made on account of James K. McClelland. By default, a corporation is responsible for paying its own income taxes, however, if eligible, a corporation's shareholder can elect "S Corporation" status and have the corporate income passed through to its shareholders. That appears to be exactly what happened here. Not only did the election remove the Debtor's obligation to pay state income taxes, it also reduced the tax rate imposed

---

[8] While courts have recognized that the IRS may not be subject to limitations set for in state fraudulent transfer laws, where the assertion of that claim against the state requires timely filing in the Court of Claims as a condition precedent to the claim, the rule of *Summerlin* would not apply. *See Bresson v. Comm'r,* 213 F.3d 1173 (9th Cir. 2000).

9

on the Debtor's income, as the corporate income tax rate in Illinois for the period in question was 7%, while the individual income tax rate was only 5%, resulting in a net savings to Debtor. It is clear that the Debtor received equivalent value for paying the McClellands' taxes to the extent it covered taxes attributable to the Debtor's income. *See Janssen v. Reschke*, 2020 WL 1166221 (N.D. Ill. 2020), *on reconsideration in part,* 2020 WL 6044284 (2020) ("corporations that elected to be taxed as S corporations received reasonably equivalent value in exchange for tax distributions made to reimburse shareholders for reporting the corporations' profits on their individual tax returns.") While this issue is not ripe for examination by the Court at this time, it will be forthcoming if the IDOR motion is denied.

## Conclusion

      For all the reasons set forth above, and previously stated in its motion, IDOR requests that the Court dismiss the Amended Complaint with prejudice.

DATE: March 11, 2021                    ILLINOIS DEPARTMENT OF REVENUE

                                              BY:   KWAME RAOUL
                                              Illinois Attorney General

                                              BY:   */s/ Robert O. Lynch*
                                                       ROBERT O. LYNCH
                                                       Assistant Attorney General
                                                      Illinois Attorney General's Office
                                                      100 W. Randolph St., 13th Floor
                                                      Chicago, IL 60601
                                                      T: (312) 814-5195
                                                      F: (312) 814-3589
                                                      robert.lynch2@illinois.gov

## CERTIFICATE OF SERVICE

I, Robert O. Lynch, an attorney, hereby certify that on March 11, 2021, I caused a copy of the DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT to be served electronically through the Court's CM/ECF system upon the parties listed below.

*/s/ Robert O. Lynch*

**Service Via CM/ECF**

- **Ariane Holtschlag**   aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;holtschlagar43923@notify.bestcase.com
- **Robert Lynch**   robert.lynch2@illinois.gov, boblynchecf@gmail.com
- **Jeffrey K. Paulsen**   jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com
- **Justin R. Storer**   jstorer@wfactorlaw.com, bharlow@wfactorlaw.com